

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISION

| | | |
|---|---|---|
| MARQUISE KINLOCH, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 5:24-4305-MGL |
| | § | |
| | § | |
| PHILLIPS, COUNTS, and SHANE JACKSON, | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND DISMISSING THE ACTION AGAINST ALL DEFENDANTS

Plaintiff Marquise Kinloch (Kinloch) filed lawsuit against Defendants Phillips, Counts, and Shane Jackson (Jackson).  He is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this action be dismissed with prejudice as to Jackson and Phillips for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and dismissed without prejudice as to Counts, in accordance with Fed. R. Civ. P. 4(m).  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 11, 2025, but Kinloch failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this action is **DISMISSED WITH PREJUDICE** as to Jackson and Phillips for failure to prosecute, pursuant to Rule 41(b), and is **DISMISSED WITHOUT PREJUDICE** as to Counts, in accordance with Rule 4(m).

Jackson and Phillips's motion to dismiss is necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 22nd day of April, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

***** 

**NOTICE OF RIGHT TO APPEAL**

Kinloch is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.